[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12392
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60004-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROANNE EYE,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 30, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Roanne Eye appeals her 60-month sentence for interference with the administration of Internal Revenue Services ("IRS") laws, in violation of 26 U.S.C. § 7212(a), and filing false and fictitious IRS claims, in violation of 18 U.S.C. § 287.  She argues the court erred by (1) applying an enhancement for obstruction of justice under U.S.S.G. § 3C1.1, and (2) calculating the loss amount based on tax refunds she never received.  We affirm.[1]

The district court did not err in applying the § 3C1.1 enhancement for obstruction of justice.  The Government proved by a preponderance of the evidence that Eye attempted to obstruct the administration of justice when she attempted to flee the courtroom prior to her trial, and when she sent the trial judge a threatening letter that attempted to extort from him $600 million if he did not dismiss her case.  *See* U.S.S.G. § 3C1.1; *see also United States v. Matthews*, 431 F.3d 1296, 1310 n.12 (11th Cir. 2005).  Because the district court explained why Eye's conduct warranted the enhancement and described how she hindered the prosecution of her offenses, *see United States v. Alpert*, 28 F.3d 1104, 1107–08 (11th Cir. 1994) (en banc), the court did not err in concluding Eye "consciously acted with the purpose of obstructing justice," *see United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (internal quotation marks omitted).

---

[1] We review de novo the district court's application of the § 3C1.1 obstruction of justice enhancement, and review the underlying factual findings for clear error.  *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).  We review a district court's determination of the amount of the loss involved in a defendant's offense for clear error.  *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011).

Also, the district court did not clearly err in calculating the tax loss in this case at $1,127,559.  Eye submitted claims for refunds to which she was not entitled totaling $1,127,559.  According to the Sentencing Guidelines and this Court's precedent, $1,127,559 was precisely the loss amount in this case for sentencing purposes, because that is the loss Eye "intend[ed] to create when [she] falsifie[d] [her] tax returns."  *See United States v. Clarke*, 562 F.3d 1158, 1164 (11th Cir. 2009); *see also* U.S.S.G. § 2T1.1(c)(1) ("If the offense involved tax evasion or a fraudulent or false return, statement, or other document, the tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)."); *id.* § 2T1.1(c)(4) ("If the offense involved improperly claiming a refund to which the [defendant] was not entitled, the tax loss is the amount of the claimed refund.").  That Eye never received those refunds is irrelevant; she intended to cause those losses when she filed her fraudulent returns.  Therefore, the district court's loss amount determination is not clearly erroneous.  *See Clarke*, 562 F.3d at 1164.

The district court's decision is

**AFFIRMED.**

3